IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ALLEN LAVENDER | § | |
| (OK DOC#: 419751), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2561-S-BN |
| | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Allen Lavender, an Oklahoma prisoner, filed a *pro se* action

against the Social Security Administration. *See* Dkt. No. 3. His lawsuit was referred

to the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference from the presiding United States

district judge.

After reviewing Lavender's complaint, the Court ordered that he show in writing

that the Court has subject matter jurisdiction over his lawsuit. *See* Dkt. No. 7. He

responded by filing two amendments to his claims, *see* Dkt. Nos. 10 & 11, confirming

that he is challenging prior decisions of the Commissioner of Social Security, *see, e.g.,*

Dkt. No. 11 at 2 ("Relief: I am seeking all past benefits; S.S.I., Disability and

emergency benefits. Also anything else the Court may be able to award me.").

Considering the complaint as amended, the undersigned enters these findings

of fact, conclusions of law, and recommendation that the Court should dismiss this

action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because Lavender chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship

-2-

must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Judicial review of social security decisions is limited to determining whether the Commissioner of Social Security's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). But Lavender fails to identify a final decision of the Commissioner that is subject to judicial review under Section 405(g).

Further applicable to his suit against the Social Security Administration, 42

U.S.C. § 405(h) provides:

> [1] The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. [2] No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in Section 405(g)]. [3] No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [Title II of the Social Security Act].

*Id.*    And, as the United States Court of Appeals for the Fifth Circuit has explained,

the United States Supreme Court

> has held that § 405(h) "purports to make exclusive the judicial review method set forth in § 405(g)" for claims falling within its scope. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). It does so by two means (though the means are listed in inverse order). The third sentence strips district courts of the most obvious sources of federal jurisdiction for any claims arising under Title II of the Social Security Act. The second sentence then channels a certain class of those claims into § 405(g), which, in turn, grants jurisdiction to district courts to review final agency decisions made after a hearing. 42 U.S.C. § 405(g).

*In re Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019) (footnote omitted); *see also*

*Raczkowski v. United States*, 138 F. App'x 174, 175-76 (11th Cir. 2005) (per curiam)

(discussing the two Supreme Court decisions – *Weinberger v. Salfi*, 422 U.S. 749 (1975),

and *Shalala* – "that held that § 405(h) bars social security benefits cases with

jurisdictional grounding in [Section] 1331").

In sum, Lavender's failure to identify any final agency decision precludes

jurisdiction over this lawsuit to the extent that he seeks review of a prior social

security benefits decision (or requests social security benefits outright).

-4-

That said, Section 405(g)'s finality requirement

> does not preclude judicial review if a claimant asserts a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

*Weeks v. Berryhill*, 694 F. App'x 340, 342 (5th Cir. 2017) (per curiam); *see also Celestine v. Colvin*, Civ. A. No. 4:15-002150, 2015 WL 12990010, at *5 (S.D. Tex. Dec. 3, 2015) ("[A]ny due process claim against Defendant Colvin, to the extent pleaded, is prohibited by Section 405(h). In certain cases[, however,] a procedural due process claim may be brought under Section 405(g) challenging the constitutional sufficiency of administrative procedures." (citations omitted)).

But Lavender does not raise constitutional concerns, much less make colorable constitutional claims.

And, to the extent that he brings tort-like claims – as he initially alleged that the Social Security Administration was negligent, *see* Dkt. No. 3 – the Federal Tort Claim Act precludes tort suits against the Administration, as an agency of the United States. *See, e.g., Joseph v. Soc. Sec. Admin.*, CV 16-3377 (JFB) (GRB), 2017 WL 1067804, at *5-*6 (E.D.N.Y. Feb. 28, 2017), *rec. adopted*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017); *see also Fabian v. Colvin*, No. SA-14-CV-141-XR, 2014 WL 3952803, at *3 (W.D. Tex. Aug. 13, 2014) ("[T]here are no other viable jurisdictional bases for Plaintiff's damages claim against the SSA. In fact, § 405(h) expressly provides that 'no action against the United States, the Commissioner of Social Security, or any officer

or employee thereof shall be brought under section 1331 or 1346 of Title 28.' Therefore, even though 28 U.S.C. § 1346 (i.e. the Federal Tort Claims Act or FTCA) waives sovereign immunity for certain tort actions against the federal government, Plaintiff is barred by statute from recasting her claim against the SSA as an intentional tort." (citations omitted)).

Lavender has thus failed to show that the Court possesses subject matter jurisdiction over this lawsuit. The Court should therefore dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE